UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JASON GARCIA, Individually and
on behalf of a class,

                                    Plaintiff,

Case No. 17-cv- 4732

- against -

WILLIAM C. GROSSMAN LAW, PLLC,

                                    Defendant.
-------------------------------------------------------X

## **COMPLAINT – CLASS ACTION**

### **INTRODUCTION**

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant William C. Grossman Law, PLLC. Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§1692d, 1692e, 1692f, and 1692g.

2. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C.A. § 1692(a).

3. Because of this, courts have held that "the FDCPA's legislative intent

1

emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008)

4. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 et seq.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

7. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

8. Plaintiff, Jason Garcia, is an individual resident of the State of New York, residing In the County of New York. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

9. Defendant, William C. Grossman Law, PLLC, is a New York Domestic Professional Service Limited Liability Company with an office in East Amherst, New York. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

10. Sometime prior to December, 2016, Plaintiff incurred a debt with First Bankcard. Said debt was sold to CACH, LLC who, in turn, retained Defendant for purposes of collecting the debt.

11. On or about January 23, 2017, Plaintiff was mailed the collection letter attached as Exhibit A (the "First Letter"). Plaintiff received it in the ordinary course of mail.

12. Exhibit A sought to collect a debt incurred for personal, family or household use and not for business purposes.

13. Exhibit A is, on information and belief, a form letter.

14. Exhibit A states "**Current Balance: $1783.60**." It further provides the Plaintiff with various payment options and states, "Contact us within 30 days from the date of this letter to take advantage of one of these offers."

15. The First Letter fails to state that on January 17, 2017, 6 days *prior* to sending the First Letter, defendant commenced a lawsuit against the Plaintiff in the Civil Court of the City of New York, index number 1039/2017 (the "Civil Court Action") seeking to recover on the identical debt described in the First Letter. Moreover, the amount demanded in the Civil Court Action was $1,643.60, a full $140 less than the amount demanded in the later First Letter. A copy of the Civil Court summons and complaint is annexed hereto as Exhibit B.

16. Thereafter, on February 21, 2017, Plaintiff was mailed the collection letter attached as Exhibit C (the "Second Letter").

17. The Second Letter bared the same creditor, the same original account number, and the same current account number as the First Letter. However, the amount demanded was $140 less than the amount demanded in the First Letter. Furthermore, the Second Letter was sent

3

less than 30 days from the date of the First Letter so that Plaintiff was not afforded the full "30 days from the date of this letter to take advantage of one of these offers."

18. Upon information and belief, Plaintiff made no payments to the Defendant or its clients between the date of the First Letter and the date of the Second Letter.

19. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

### FIRST CAUSE OF ACTION – VIOLATION OF THE FDCPA

20. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 19 of this Complaint as though set forth at length herein.

21. Section 1692e(2) states that:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . the following conduct is a violation of this section:**

**(2) the false representation of –**
    **(A) the character, amount or legal status of any debt.**

22. Section 1692g(a) states that:

**(a) NOTICE OF DEBT; CONTENTS Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(1) the amount of the debt;**

23. First Letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

24. The First Letter misleads the Plaintiff by failing to disclose that the debt is already in litigation.

25. The First Letter is an attempt to cause the consumer to default on the Civil Court Action by offering "30 days" to take advantage of settlement offers when the Plaintiff had only 20 days to respond to the Civil Court Action in order to avoid a default.

26. The amount demanded in the First Letter is simply false since the amount demanded in the Civil Court Action which was filed *prior* to the sending of the First Letter was $140 less.

27. At the time of the mailing of the First Letter to Plaintiff, Defendant knew that the Civil Court Action was previously commenced by Defendant's office and knew that the amount demanded in the First Letter was wrong.

28. Section 15 U.S.C. § 1692g requires that the debt collector clearly and accurately inform the consumer of the amount that is owed. Defendant violated this section of the act.

29. That the 30-day period to take advantage of the settlement options was illusory in that the debt was already in litigation and the Second Letter was sent before the expiration of the 30-day period.

30. That the First Letter falsely represented the legal status of the debt by failing to identify it as being in litigation.

31. As a result of defendant's violation of the FDCPA, plaintiff and the class has been damaged and is entitled to statutory damages, actual damages, costs and attorney fees.

## CLASS ALLEGATIONS

32. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

33. The class consists of (a) all natural persons (b) who were sent a letter seeking to

collect a debt (c) in the form of Exhibit A (d) after litigation was commenced (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

34. The class is so numerous that joinder is impracticable.

35. On information and belief, there are more than 50 natural persons who were sent a letter similar to Exhibit A on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

36. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a. Whether the defendant violated various provisions of the FDCPA, including by not limited to 15 U.S.C. §§1692e, 1692f, and 1692g; and/or

    b. whether the debt collector sent the consumer written notice containing the amount of the debt; and/or

    c. Whether defendant used false, deceptive or misleading means in the collection of a debt; and/or

    d. Whether the letter violates the FDCPA.

37. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

39. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a) Statutory damages;

b) Attorney's fees, litigation expenses and costs of suit;

c) Declaratory relief finding the First Letter violates the FDCPA;

d) For such other and further relief which this court deems just and proper.

Dated: Brooklyn, New York
June 22, 2017

SHAKED LAW GOUP, P.C.
Attorneys for Plaintiff
By: _____
Dan Shaked (DS-3331)
44 Court St., Suite 1217
Brooklyn, NY 11201
Tel. (917) 373-9128
Fax (718) 704-7555
e-mail: ShakedLawGroup@Gmail.com

## **JURY DEMAND**

Plaintiff hereby demands trial by jury.

_____
Dan Shaked (DS-3331)